ZIMMERMAN ET AL., APPELLANTS, *v.* CINDLE ET AL., APPELLEES.

(No. F-87-16 — Decided June 17, 1988.)

*Newcomer, Shaffer, Geesey & Hut-*

*ton* and *Wayne E. Shaffer,* for appellants.

*Rice, Plassman, Rupp & Hensal* and *James E. Hensal,* for appellees.

· *Per Curiam.* This cause is on appeal from a judgment rendered by the Fulton County Court of Common Pleas.

Appellants have filed a timely notice of appeal, asserting the following assignments of error:

"1. The court erred in finding that Ohio's Marketable Title Act was applicable and was a bar to the plaintiffs' rights to use the farm drive in question.

"2. The court erred in finding that Ohio's Marketable Title Act was applicable when the defendants had actual notice of the claims of the plaintiffs.

"3. The court erred in finding that the plaintiff[s] [were] guilty of laches and [were] estopped to assert their rights to the easement in question.

"4. The court erred in failing to find that the plaintiffs had acquired and preserved an easement by adverse possession."

Appellants, Robert C. and Mary Zimmerman, filed a complaint in the trial court against appellees seeking a declaratory judgment of the respective rights of the parties with respect to an easement, damages for interference and an order enjoining appellees and their successors in interest from future interference. Appellants alleged that they and their predecessors in title had been granted an easement for ingress and egress to their land by virtue of an express easement created by an instrument executed on August 26, 1872 and duly recorded on September 10, 1872. Appellants further alleged that an easement had been created by adverse possession.

The disputed sixteen-foot strip of land runs south from appellants' property and passes through property owned by appellees, William and Linette Cindle and William and Barbara Stipp.

A trial was held on June 11, 1987. The court held that the easement described in the 1872 instrument entitled a lease had been "extinguished by subsequent events and circumstances" and that an easement by implication or prescription had been created. The trial court further held that since appellants had waited for three and one-half years to institute an action since the dispute arose and had observed appellees making substantial changes and improvements on the property, that either the doctrine of estoppel or laches was applicable. The trial court also stated that the Marketable Title Act as set forth in R.C. 5301.47 *et seq.* barred appellants from prevailing since all the deeds placed into evidence failed to make reference to the disputed easement.

In their third and fourth assignments of error, appellants argue that the trial court erred in holding that they had abandoned the easement and were thereby estopped from asserting their rights.

It has been held that "[w]here a property owner unlawfully obstructs or interferes with the easement rights of an easement holder, the holder of the easement rights has the authority to remove those obstructions." *Rueckel* v. *Texas Eastern Transm. Corp.* (1981), 3 Ohio App. 3d 153, 3 OBR 172, 444 N.E. 2d 77, syllabus. In May 1983, when appellee Cindle erected certain improvements upon the disputed area of land, appellants took no action and, effectively, sat on their rights. Thus, although nonuse of an easement by itself does not amount to an abandonment, the lapse of time involved and the non-action of appellants amount to an estoppel. 36 Ohio Jurisprudence 3d

(1982) 494, 496, Easements and Licenses, Sections 88 and 90. See, also, *Marvin* v. *Tusch* (1912), 86 Ohio St. 49, 98 N.E. 860.

Accordingly, we find appellants' third and fourth assignments of error not well-taken.

Appellants contend in their first and second assignments of error that the trial court erred in holding that the Marketable Title Act extinguished their rights in the easement; rather, appellants contend that the Act is not applicable since appellees had actual notice of their claims to the easement.

R.C. 5301.47(A) defines "marketable record title" as:

"* * * a title of record, as indicated in section 5301.48 of the Revised Code, which operates to extinguish such interests and claims, existing prior to the effective date of the root of title, as are stated in section 5301.50 of the Revised Code."

R.C. 5301.47(E) defines "root of title" as:

"* * * that conveyance or other title transaction in the chain of title of a person, purporting to create the interest claimed by such person, upon which he relies as a basis for the marketability of his title, and which was the most recent to be recorded as of a date forty years prior to the time when marketability is being determined. The effective date of the 'root of title' is the date on which it is recorded."

Further, R.C. 5301.50 provides:

"Subject to the matters stated in section 5301.49 of the Revised Code, such record marketable title shall be held by its owner and shall be taken by any person dealing with the land free and clear of all interests, claims, or charges whatsoever, the existence of which depends upon any act, transaction, event, or omission that occurred prior to the effective date of the root of title. * * *"

As stated in *Semachko* v. *Hopko* (1973), 35 Ohio App. 2d 205, 211, 64 O.O. 2d 316, 320, 301 N.E. 2d 560, 564:

"* * * In order to preserve an interest in land in existence before the root of title such interest must be specifically stated or identified in the root of title or specifically stated or identified in one of the muniments of the chain of record title within forty years after the root of title, or be recorded pursuant to R.C. 5301.51 and 5301.52 within forty years after the root of title.

"Once such an interest in land is extinguished it cannot be preserved by recording."

In the case *sub judice*, the only reference expressly referring to the easement was in the above-mentioned instrument executed in 1872. No mention was made in the deeds in subsequent years conveying the parcels of property now owned by appellees or appellants. Consequently, the easement created in the 1872 lease has been extinguished unless an exception may be applied pursuant to R.C. 5301.49.

Appellants claim that R.C. 5301.49 (C) is pertinent to the instant case. That section states:

"Such record marketable title shall be subject to:
"* * *

"(C) The rights of any person arising from a period of adverse possession or user, which was in whole or in part subsequent to the effective date of the root of title[.]"

However, as noted above, appellants no longer held the easement by prescription.

Appellants further claim that their rights to the easement are preserved since the existence of the easement is "clearly observable" pursuant to R.C. 5301.53(C). However, after a thorough review of the record, we conclude that the easement was no longer discernible

when appellees bought their properties. In 1973, pine trees were planted in this strip and appellants did nothing to cause their removal. Appellee William Cindle testified that before he bought the property in 1983, he could not discern a lane or passageway in the disputed area. Rather, he observed only knee-high grass north of his driveway. Furthermore, for four years before this action was commenced, a pen for appellee Cindle's ram had been constructed, which blocked the easement.

Based on the foregoing, we conclude that the Marketable Title Act extinguished the express easement granted in 1872 and that none of the exceptions therein applies to the instant case.

Accordingly, appellants' first and second assignments of error are found not well-taken.

On consideration whereof, this court finds that substantial justice has been done the parties complaining, and the judgment of the Fulton County Court of Common Pleas is hereby affirmed. Pursuant to App. R. 24, appellants are ordered to pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., CONNORS and GLASSER, JJ., concur.