## Ashland Pipe Line Co.
## v.
## Lett
*[Cite as 2 AOA 220]*

*Case No. CA-942*
*Ashland County, (5th)*
*Decided April 11, 1990*

*Randolph L. Snow, John J. Rambacher, Black, McCuskey, Souers & Arbaugh, 1000 United Bank Plaza, 220 Market Ave. S., Canton, OH 44702, For Plaintiff-Appellant.*

*Donald R. Teffner, 100 Park Ave., East Mansfield, OH 44902, For Defendants-Appellees.*

HOFFMAN, J.

Plaintiff-appellant is Ashland Pipe Line Company and defendants-appellees are Donald J. Lett, et al. (appellee). Appellant, through its predecessors in interest, obtained three separate rights-of way originally executed in 1907. This case involves a 12-inch pipeline Ashland constructed in 1952 under the 1907 grants. Extending from Lima, Ohio to Canto, the pipeline is 150 miles in length, with one mile being on the Lett property in Ashland County. The specific issue before the court below (Court of Common Pleas of Ashland County) involved the width of the easement. The 1907 grant did not specify this width on either side of the pipeline, necessitating Ashland Pipeline's request to the trial court for an order declaring that distance to be 50 feet (25 feet on either side of the pipeline). Appellant's reason for the request was for ongoing inspection and maintenance, specifically no less than 26 inspections per year at intervals not to exceed three weeks. Appellant chooses to inspect by air with the aircraft flying some 100 miles per hour at an altitude of 250 feet. There are mature trees growing on either side of the pipeline within 25 feet on either side of the line. It was Ashland's position that a clearing of 40 to 60 feet (total) was necessary for proper inspection from the air. Appellee argued that 50 feet was excessive and encroached upon his land.

After the trial court initially denied appellant injunctive relief (a preliminary injunction was sought), the matter came on for hearing on the merits and after all testimony was taken and evidence admitted, the court rendered a detailed opinion/entry (filed June 5, 1989) finding in favor of appellee, specifically that the total width allowed would be 25 feet (12.5 feet on either side of the pipeline). A copy of the above opinion is attached hereto and made a part of our memorandum-opinion as is the final judgment entry from which this appeal is taken.

Appellant raises the following sole assignment of error:

### ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN CONCLUDING THAT APPELLANT IS NOT

ENTITLED TO CLEAR AND UTILIZE OR INSPECTION, REPAIR, OPERATION AND MAINTENANCE A FIFTY FOOT (50') AREA OF APPELLANT'S 1952 PIPELINE EASEMENT TRAVERSING APPELLEE'S REAL PROPERTY AS APPELLANT'S UTILIZATION OF THE AFORESAID FIFTY FEET (50') IS REASONABLY NECESSARY AND CONVENIENT FOR APPELLANT'S REASONABLE AND PROPER ENJOYMENT THEREOF AND WAS WITHIN THE CONTEMPLATION OF THE PARTIES THERETO.

### I.

As stated by the trial court in its opinion:

"The intention of the parties at the time of conveyance is the primary consideration in determining the status of an easement." *Yoder v. Columbus and Southern Electric Co.* (1974), 39 Ohio App.2d 113. (Opinion at 3).

In its cogent opinion, the court also noted that subsequent use by the grantee (Ashland) shows "that the parties did not intend fifty (50) feet to be the required width of the easement." And as further stated by the court:

"Acquiescence for a long time in a certain construction of a grant of an easement estops the assertion of a different construction. (Opinion at 5, citations omitted).

The trial court further wrote:

"Even if the Court would decide this conflict in testimony in favor of the plaintiff, the subsequent use of the property showed that Ohio Fuel Gas and its successor Ashland Pipeland did not intend to use the full fifty (50) feet. Although fifty (50) feet might have been used in 1952 to lay the pipeline, a view of the scene by the court revealed that only the width of approximately twenty-five (25) feet was kept cleared for future inspection and maintenance. This was evident by reason of the fact that through the entire one half (1/2) mile through the woods there were large trees, 15-25 years old, well within twenty-five (25) feet of the pipeline. *This subsequent use by the grantee shows that the parties did not intend fifty (50) feet to be the required width of the easement.* The law is clear that subsequent conduct of the parties may be considered in construing the extent of an easement." (Opinion at 3-4, Emphasis added).

The court also distinguished *Roebuck v. Columbia Gas Transmission Co.* (1977), 57 Ohio App. 2d 217 on the ground that there was no "subsequent use" issue presented in *Columbia Gas.*

The trial court further determined that appellant has never been precluded from inspecting its one mile of pipeline on appellee's property by more traditional methods. Additionally, the trial court observed that if appellant-company wished to increase the "burden" on appellee's property by widening the easement, compensation would be in order.

Although it contained a more complex fact pattern, *Rueckel v. Texas Eastern Transmission Co.* (1981), 3 Ohio App. 3d 153, an opinion of this court, is generally in accord with the trial court's ruling and reasoning in the case *sub judice.*

Applying the authorities as it did, the trial court's ruling in favor of appellee herein was neither contrary to law nor an abuse of discretion.

For the reasons stated *supra*, appellant's assignment of error is overruled and the judgment of the Court of Common Pleas of Ashland County is affirmed.

*Judgment affirmed.*

MILLIGAN, J. Concurs
PUTMAN, P.J. Dissents