COLUMBIA GAS TRANSMISSION
CORP., Plaintiff,

v.

Goldie DAVIS, Defendant.

No. C2–96–943.

United States District Court,
S.D. Ohio,
Eastern Division.

June 24, 1998.

Brian L. Buzby, Porter, Wright, Morris & Arthur, Columbus, OH, for plaintiff.

Paul G. Bertram, Jr., Marietta, OH, for defendant.

### OPINION AND ORDER

SARGUS, District Judge.

Plaintiff, Columbia Gas Transmission Corporation ("Columbia Gas") brings this action against Goldie Davis ("Davis") seeking equi-

---

table relief. Columbia Gas is the successor holder of a certain easement, described below, giving it the right to lay, maintain, inspect, and replace a gas transmission line beneath real property owned in fee by Davis. Columbia Gas seeks a declaration that such easement entitles it to a minimum dimension of 25 feet on each side of the pipeline to be free and clear of any encroachments. Further, Columbia Gas seeks an injunction compelling the defendant to remove a newly constructed garage, a portion of which both parties agree is within 12 feet of the natural gas pipeline.

This matter was tried to the Court on April 20, 1998. For the reasons that follow, judgment is rendered in favor of the plaintiff against the defendant.

## I.

■ The parties agree that the jurisdiction of this Court is invoked under both 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1332(a), diversity jurisdiction. Federal question jurisdiction is properly invoked under both the Natural Gas Act, 15 U.S.C. § 171, *et seq.* and the Natural Gas Pipeline Safety Act, 49 U.S.C. § 60101, *et seq.* The Court also finds that diversity jurisdiction is properly invoked given the fact that Columbia Gas is a Delaware corporation with its principal place of business in West Virginia. The defendant is a resident of Ohio, and the amount in controversy exceeds $50,000.[1]

While the parties do not dispute either basis of jurisdiction, the defendant does not concede that the amount in controversy exceeds $50,000.[2] As further described below, the value of constructing or removing the garage erected by the defendant does not exceed $50,000. The value of a 16″ interstate natural gas pipeline, however, is far in excess of $50,000. As noted in *Columbia Gas Transmission Corp. v. Tarbuck,* 62 F.3d 538, 539 (3rd Cir.1995), a case somewhat similar to this matter:

> Because the value to Columbia of protecting the rights of way by this action is alleged to be in excess of the jurisdictional minimum [$50,000] and the actual value to Columbia is not legally certain to be less than the jurisdictional threshold, we conclude that federal jurisdiction exists.

The Court finds that the potential interference with the safe and sound maintenance of such pipeline caused by an encroachment within 12 feet of the pipeline, as further described below, satisfies the requirement under 28 U.S.C. § 1332(c) that the amount in controversy exceeds $50,000.

## II.

A number of salient facts in this case have been stipulated by the parties. On April 14, 1996, Goldie Davis purchased certain real estate located in the Township of Barlow, Washington, County, Ohio and described as Lot No. 8 in Barlow Heights First Addition. The defendant paid the sum of $24,000 for the real property.[3] The same real property is the residence of the defendant.

---

1. This case was filed on September 24, 1996, at which time the amount in controversy required under 28 U.S.C. § 1332(a) was $50,000. As of November 19, 1996, the amount has been revised to $75,000. This larger amount applies only to cases filed after November 19, 1996.

2. In Paragraph 6 of the parties' stipulation, it is noted:
   "... Columbia contends that the value of the pipeline Columbia seeks to protect and the substantial interest of transporting and storing natural gas for residential and commercial customers in Washington County, Ohio, and elsewhere exceeds the sum of $50,000 which, while Ms. Davis does not stipulate as true, Ms. Davis does not contest for purposes of jurisdiction."

3. Joint Exhibit A is a copy of the deed conveying title to the defendant. The conveyance fee charged by Washington County is noted on the document as totaling $72.00. Under O.R.C. § 319.202, the County Auditor shall collect a conveyance fee in an amount levied on each thousand dollars of the purchase price as determined by the Board of County Commissioners pursuant to authority granted in O.R.C. § 322.02. The Court takes judicial notice under Evidence Rule 201(b) of the fact that the conveyance fee charged by the Washington County Auditor in April of 1996 was at a rate of $3.00 per thousand dollars of purchase price. Based upon a $72.00 conveyance fee, the purchase price paid by Davis for the real estate was $24,000.

On May 6, 1902, R.F. Cunningham, et al., granted to a company known as the Connecting Gas Company a right of way recorded in Volume 145, Page 87 of the Washington County Deed Records. The document grants to the Connecting Gas Company the right to, "... lay, maintain, operate, and remove a pipeline" as well as to "at any time lay an additional line of pipe alongside the first line." The parties agree that the grant, given by R.F. Cunningham encumbers the real property of the defendant, and that underlying her real property is a pipeline installed under such right of way. The parties also agree that the right of way contains no specific dimensions describing the centerline, width, or metes and bounds of the grant.

The Connecting Gas Company subsequently assigned the right of way to the Ohio Fuel Gas Company. Thereafter, the Ohio Fuel Gas Company merged with plaintiff Columbia Gas. The parties agree that Columbia Gas has become the owner of all the rights, title, and interest conveyed by R.F. Cunningham to the Connecting Gas Company in 1902.

After Davis purchased the real property in April of 1996, she decided to remove an older garage on the property and install a new structure. The parties do not dispute that the actual location of the gas transmission pipeline beneath Davis' property is clearly marked by above-ground plastic pipe markers approximately five feet tall. Three of such markers are actually on the defendant's real estate. While the markers note the location of the pipeline and include a reference to the plaintiff's toll free phone number, no representation is made as to the width of the easement claimed by Columbia Gas.

Davis hired a contractor to build a new garage. As seen from the photographs admitted into evidence as Plaintiff's Exhibit 1, the structure is a one car garage built on blocks resting on concrete footers.

Prior to the commencement of construction, neither Davis nor her contractor complied with .O.R.C. § 3781.25, et seq., known as the One Call Utility Protection Service Act. Under this Act, both owners and contractors are required to notify a state authorized protection service that excavation will begin with respect to a building project. If such notification is made, the various operators of underground utilities, such as Columbia Gas, are made aware of the proposed excavation. According to the testimony of Dan Webb, Southern District Superintendent for Columbia Gas, once such notification is received, the plaintiff dispatches an employee to inspect sites prior to commencement of excavation.

After the excavation began on July 26, 1996, James Lyons, a representative of Columbia Gas, met with the defendant and advised her that the new garage encroached upon the right of way. At the time of this meeting, the concrete footers had been poured, but no blocks had been laid. The defendant contacted her counsel, who then discussed the matter, unsuccessfully, with representatives of the plaintiff. No agreement was reached; the new garage was subsequently completed.

### III.

◼ While the parties agree as to the foregoing, they sharply disagree as to the precise dimensions of the right of way held by Columbia Gas. In the absence of any specific dimensions contained in the grant of the right of way, Columbia Gas acknowledges that it must establish the need for a minimum width of 25 feet on either side of the pipeline as a distance necessary for it to safely enjoy its right of way.

In support of its claim, Columbia Gas has offered the testimony of Joel Burris and Dan Webb, both long time employees of Columbia Gas with substantial expertise in the gas transmission industry. Both witnesses testified that Columbia Gas must have free and clear access to the pipeline in question by maintaining an area of at least 25 feet on each side of the line free and clear of buildings and structures. According to Dan Webb, an area of 25 feet on each side of the pipeline is an accepted industry standard. Further, certain required safety tests, including a side drain test, are difficult, if not impossible, to perform if structures encroach within 25 feet of the line.

Webb also testified that in the event of a pipeline leak, migrating gas could escape into

the garage and pose a risk of blowout or explosion. In the event that the line developed a leak in the vicinity of the garage, the structure would impede a quick remediation of a dangerous situation. According to Webb, if the garage were permitted to remain in its present location and a leak developed in the same vicinity, any attempt by Columbia Gas to remove the garage on an emergency basis could pose a serious safety risk. Assuming gas were leaking in the immediate vicinity, demolition work by heavy equipment could cause sparking, which could in turn ignite a fire or explosion. Webb also testified that while the garage poses no hazard in the absence of an emergency, if an emergency were to arise, the garage represents a potential hazard.

Further, Webb testified that the original pipeline placed on the same real property in 1902 would have required a team of horses and a large number of employees. According to Webb, the amount of space necessary for the installation and maintenance of a pipeline in 1902 would have been substantially greater than the 25 feet right of way on each side of the pipeline now claimed by Columbia Gas.

The defendant offered the testimony of Cyrus Bowen, who has worked on pipelines for over 30 years. Currently, Bowen is under contract to repair gas lines owned and operated by the East Ohio Gas Company. In Bowen's view, the garage itself would not be a hindrance if leaks occurred in the vicinity. According to Bowen, a repair crew could simply make use of the opposite side of the pipeline to deposit spoil or otherwise operate equipment.

Bowen acknowledged that his opinion was based on the fact that no structures or obstructions were present on the outside of the line opposite the garage. If other structures encroached upon the area claimed by Columbia Gas, the plaintiff would be impeded in its response to a gas leakage or other type of emergency. Finally, Bowen admitted that he had never before worked on a transmission line of the size involved in this case.

From the testimony adduced at trial, the Court is satisfied that Columbia Gas has established a need for a 25–foot area on either side of the gas transmission line to be free and clear of permanent structures. Further, a number of cases involving this precise issue reach the same conclusion. *Columbia Gas Transmission Corp. v. Tarbuck,* 62 F.3d 538 (3d Cir.1995), *Swango Homes, Inc. v. Columbia Gas Transmission Corp.,* 806 F.Supp. 180 (S.D.Ohio 1992), *Columbia Gas Transmission Corp. v. Burke,* 768 F.Supp. 1167 (N.D.West Virginia 1990).

■ While a precise description of the dimensions and metes and bounds of the easement would have more clearly expressed the intentions of the parties, in the absence of such precision, the Court must define the scope of the easement by what is reasonably necessary to accomplish the purpose of the grant. *Rueckel v. Texas Eastern Transmission Corp.,* 3 Ohio App.3d 153, 444 N.E.2d 77 (1981). Given the obligations imposed upon the plaintiff by the Natural Gas Pipeline Safety Act, 49 U.S.C. § 60101, *et seq.,* and the Court's concern for the safety of the defendant, as well as plaintiff's employees, and the public, the scope of the easement claimed by the plaintiff is justifiable. The Court therefore concludes that Columbia Gas is entitled to a right of way consisting of 25 feet on either side of the pipeline.

## IV.

■ Having established their right to a 25–foot right of way on either side of the pipeline, plaintiff seeks an injunction from this Court compelling the removal of the garage erected by Goldie Davis. The fact that Columbia Gas has established its legal right as to the dimensions of the easement does not conclude the analysis. As the Supreme Court has noted in *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982):

> An injunction should issue only where the intervention of a court of equity is 'essential in order effectually to protect property rights against injuries otherwise irremediable' ... the Court has repeatedly held that the basis for injunctive relief in the federal courts has also been irreparable injury and the inadequacy of legal remedies ... where plaintiff and defendant

present competing claims of injury, the traditional function of equity has been to arrive at a 'nice adjustment and reconciliation' between the competing claims ... in such cases the Court balances the conveniences of the parties and possible injuries to them according as they may be effected by the granting of withholding of the injunction.... The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it ... [Citations omitted.]

It is unfortunate, in the Court's view, that this matter could not have been resolved short of trial on the merits. As previously found by this Court, Columbia Gas has a compelling interest in maintaining its pipeline free and clear of any structures or obstacles within 25 feet of such line. At the same time, prior to this opinion, no determination had been made as to the dimensions of the plaintiff's easement. While such indefiniteness of the dimensions would, in the abstract, be a consideration in the defendant's favor, the Court must also consider the fact that the defendant and her contractor failed to comply with the One Call Utility Protection Service Act, O.R.C. § 3781.25, *et seq.* Had the defendant notified a state authorized protection service, the parties in this case would have recognized their disagreement prior to the commencement of construction.

The Court is also cognizant of the fact that the real property in question is the residence of the defendant, who recently purchased the property for $24,000. It is without question that the new garage constitutes a substantial addition and improvement in the value of the real property.

In consideration of the foregoing, it is the **ORDER** of this Court that within three years from the date of this Order, Goldie Davis shall remove the garage from its present location and shall not erect any additional structure within 25 feet from the gas transmission line owned by the plaintiff and traversing her real property. In the event that Goldie Davis fails to remove such structure within three years from the date of this Order, Columbia Gas shall be entitled to an additional Order from this Court permitting it to enter upon her real property for the purpose of removing the garage.

Further, either party may submit to this Court and serve upon opposing counsel an additional, proposed Order consistent with this Opinion and Order and suitable for recording with the Washington County Recorder's Office.

**IT IS SO ORDERED.**