This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Danny and Roberta Saunders, appeal the order of the Medina County Court of Common Pleas awarding them compensation in the amount of $750.00 for the temporary appropriation of an easement on their property. We affirm.
Pursuant to Ohio Revised Code Chapter 163, Appellee, the Village of Seville, filed a complaint seeking a temporary appropriation of an easement over a strip of Appellants' land during a highway construction project. Appellants did not contest the taking of the easement in their answer. Accordingly, Appellee acquired the necessary easement through a quick-take pursuant to R.C. 163.06(B) leaving only the issue of compensation to be decided at trial. Prior to trial, Appellee requested and the court granted a motion in limine prohibiting Appellants from mentioning damages relating to the removal of trees located in an existing highway easement wholly outside of the temporary easement requested in the appropriation action. During the course of the trial, testimony was given regarding the impact of the removal of the trees upon the house and the rest of the property. Appellants proffered testimony regarding the monetary value of the trees that had been removed. At no time did Appellants file a counterclaim for damages caused by the removal of the trees. The court awarded Appellants $750.00 for the taking of the temporary easement and the damage caused to the residue as a result of this taking. The Appellants timely appealed and have raised one assignment of error.
 ASSIGNMENT OF ERROR I The trial court erred in granting the [Appellee's] motion in limine precluding testimony concerning the value of the trees taken as part of the project that involved the appropriation of a temporary take against the [Appellants] and effectively denied the [Appellants] due process of law.
The Appellants' sole assignment of error contests decisions by the trial court precluding the admission of certain evidence regarding the value of the trees cut down within an existing highway easement. Decisions regarding the admissibility of evidence are within the discretion of the court and may be reversed only upon a finding of an abuse of discretion. See Rigbyv. Lake Cty. (1991), 58 Ohio St.3d 269, 271. An abuse of discretion connotes more than mere error of law or judgment; it implies an attitude by the trial court that is arbitrary, capricious or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The court's exclusion of the proffered evidence was not an abuse of discretion. In fact, the trial court properly prohibited the introduction of the evidence on two grounds. First the evidence goes to an issue not raised in the pleadings and was therefore immaterial. Second, evidence tending to establish the monetary value of removed trees is irrelevant in light of existing law.
The evidence proffered on monetary damages for the removed trees was outside of the matters contained in the pleadings and thus was properly excluded as immaterial and irrelevant. See Evid.R. 402. In order for a court to determine whether evidence is material, the court must evaluate:
 the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition that is not a matter in issue, the evidence is immaterial. What is `in issue,' that is, within the range of the litigated controversy, is determined mainly by the pleadings, read in the light of the rules of pleadings and controlled by the substantive law.
 State v. Garrison, (March 25, 1999) Washington App. No. 98 CA 11, unreported, 1999 Ohio App. LEXIS 1440 at *32-33, quoting McCormick, Evidence (4 Ed.Strong Ed. 1992) 338, Section 185. If the evidence is immaterial, the evidence is irrelevant, and Evid.R. 402 requires the trial court to deem it inadmissible. State v. Garrison, supra, at *33.
The complaint filed by the appellee referred exclusively to the appropriation of a temporary easement. The trees referenced by Appellants were situated on a piece of land outside of the temporary easement. Their removal was neither a cause nor an effect of the temporary appropriation. The appellants have alleged that the tree removal was part of the overall highway project and thus the evidence relating to the trees should be admitted. However, Appellants have failed to raise a counterclaim for the damages to the trees in this action. In fact, the appropriation of the trees is not mentioned anywhere within the pleadings of either party. Therefore, any evidence relating to the removal of the trees was properly excluded as irrelevant. Since the evidence was irrelevant and properly excluded, the court did not abuse its discretion in prohibiting the appellants from offering this testimony.
Notwithstanding Appellant's failure to raise the issue of the tree removal in the pleadings, the evidence was properly excluded as irrelevant due to the fact that the trees stood in an area already subject to a highway easement and as such could be removed without payment of additional compensation. Trees that obstruct or impede the use of an existing easement may be removed without additional compensation. See Rueckel v. Texas Eastern Transm.Corp. (1981), 3 Ohio App.3d 153, 158. In Grime v. Lauber (Oct. 25, 1974), Fulton App. No. 239, unreported, 1974 Ohio App. LEXIS 3289 *3, three large maple trees were removed from a previously acquired right of way during a highway improvement project. The court held "[t]o the extent the removal of the trees was related to a highway improvement, appellant was not entitled to compensation for any interest previously acquired by defendants[.]" (citations omitted.) Id. The Supreme Court has held "[t]he abutting owner's interest in the street is a property right, and he may make any use of the property that is subject to the easement of a street, or that is held in trust for a street, that does not impair its use for any purpose for which it may be used as a street." Kellogg v. The Cincinnati Traction Co.(1909),80 Ohio St. 331, 344. Accordingly, since the property owner may not be compensated for the removal of trees within the existing easement, any testimony relating to the valuation of the trees was irrelevant and was properly excluded.
In light of the fact that the evidence was irrelevant and immaterial in this case, the trial court did not abuse its discretion in excluding the proffered evidence which would have given the individual monetary valuation of the removed trees.
Appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR