[Cite as *Guitierrez v. Rodriguez*, 2012-Ohio-1734.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97048

## ANDREA GUITIERREZ

### PLAINTIFF-APPELLEE

vs.

## LUIS RODRIGUEZ

### DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-724773

**BEFORE:**   Sweeney, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 19, 2012

**FOR APPELLANT**

Luis Rodriguez, Pro Se
6811 Hague Avenue
Cleveland, OH    44102


**ATTORNEY FOR APPELLEE**

Jeffrey A. Crossman
Law Office of Jeffrey A. Crossman, LLC
P.O. Box 93913
Cleveland, OH    44101

JAMES J. SWEENEY, J.:

**{¶1}** When plaintiff-appellee Andrea Guitierrez bought her house, it came with an easement on adjoining property owned by defendant-appellee Luis Rodriguez. The easement, a narrow strip of land immediately next to Rodriguez's house, connected to Guitierrez's property, but had been closed off by two fences, one at either end of the strip. Wishing to use the easement as a driveway for access to her property, Guitierrez brought this declaratory judgment action seeking a declaration of her right to use the easement and a further declaration that Rodriguez had interfered with or otherwise obstructed access to the easement. Rodriguez challenged the scope of the easement and claimed that he now owned the land on which the easement existed by adverse possession. A magistrate ruled that the easement was valid and continuing. Following a trial, the magistrate rejected Rodriguez's claim for adverse possession because Rodriguez failed to prove he possessed the easement exclusively. The court overruled Rodriguez's objections to the magistrate's decision and ordered Rodriguez to refrain from interfering with Guitierrez's use of the easement.

**{¶2}** Having abandoned any claim regarding the court's rejection of his adverse possession claim, Rodriguez's sole assignment of error contests the scope of Guitierrez's use of the easement. He argues that the easement is so narrow in width that Guitierrez's use of it as a driveway would create noise and annoyance for him and any subsequent

owners of his property. He further argues that the removal of a fence that currently restricts access to the easement would be an invitation to trespassers and a risk to the safety of his children.

{¶3} Rodriguez lives on Hague Avenue. Guitierrez lives directly behind him but also has a Hague Avenue address. At one time these two properties were part of a single parcel owned by Charles and Gladys Furlong. In 1985, the Furlongs divided their property and in doing so reserved a ten-foot wide, 100-foot long easement over their existing property. Guitierrez bought the newly created parcel; Rodriguez bought the Furlongs' existing parcel.

{¶4} The easement is described as:

10.00 feet wide by 100.00 feet long, parallel to east property line, and further described as follows: Beginning at the Northeast corner of Sublot No. 373 and Southerly line of Hague Ave.; Thence South 23 deg. 10' 15" East at a distance of 100.00 ft. to a point; Thence South 66 deg. 45" West 10.00 ft. to a point; Thence North 23 deg. 10' 15" West 100.00 ft. to a point in Southerly line of Hague Ave.; Thence with Southerly line of Hague Ave. North 66 deg. 49' 45" East 10.00 feet to a place of beginning, be the same more or less but subject to all legal highways.

{¶5} In simpler terms, as referenced by the map attached to this opinion as an appendix, the easement is essentially the space between Rodriguez's house and that of the neighboring house, and runs in a narrow strip from Hague Avenue back along the side of Rodriguez's house to Guitierrez's property. This narrow strip is approximately 13 feet wide, so the ten-foot width of the easement takes up most of the space. When the Furlongs sold their land to Rodriguez, the deed made reference to the easement granted to Guitierrez's property.

{¶6} An easement grants one party the legal right to enter onto the property of another. *Alban v. R.K. Co.*, 15 Ohio St.2d 229, 231-32, 239 N.E.2d 22 (1968). The party granting the easement (the "servient" estate) can limit the scope of the easement to the party receiving the estate (the "dominant" estate). In cases of express easements, the dominant estate's use of the land is governed by the language of the instrument granting the easement. As with any written document, we interpret the terms of a written easement under rules of contract construction to carry out the intent of the parties as expressed by the language used in creating the easement. *Skivolocki v. E. Ohio Gas Co.*, 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus.

{¶7} The easement language does not contain any limitations on its use. "The unrestricted grant of an easement gives the grantee all such rights as are necessary to the reasonable and proper enjoyment thereof." *Rueckel v. E. Texas Transm. Corp.*, 3 Ohio App.3d 153, 159, 444 N.E.2d 77 (5th Dist.1981). But the absence of limitations in the easement does not mean that Guitierrez could use the easement for any purpose. While an easement grants one the right to enter upon the land of another, that right of entry is merely an "interest" in the servient estate that provides "a limited use or enjoyment" of the land in which the interest exists. *Cincinnati Entertainment Assoc., Ltd. v. Hamilton Cty. Bd. of Commrs.*, 141 Ohio App.3d 803, 813, 753 N.E.2d 884 (1st Dist.2001). This is because an easement is not itself either land or an estate in land. *Smith v. Gilbraith*, 75 Ohio App.3d 428, 434, 599 N.E.2d 798 (11th Dist.1991).

**{¶8}** Section 4.10 of the Restatement (Third) of Property: Servitudes, states the prevailing rule regarding the use of easements:

> Except as limited by the terms of the servitude * * * the holder of an easement * * * is entitled to use the servient estate in a manner that is reasonably necessary for the convenient enjoyment of the servitude. The manner, frequency, and intensity of the use may change over time to take advantage of developments in technology and to accommodate normal development of the dominant estate or enterprise benefitted by the servitude. Unless authorized by the terms of the servitude, the holder is not entitled to cause unreasonable damage to the servient estate or interfere unreasonably with its enjoyment. Restatement of the Law 3d, Property: Servitudes, Section 4.10 (2000).

**{¶9}** The question before the court was whether Guitierrez's use of the easement as a driveway for motor vehicles is a use that is reasonably necessary and convenient to serve the purposes for which the easement was granted. *Crane Hollow, Inc. v. Marathon Ashland Pipe Line, LLC*, 138 Ohio App.3d 57, 740 N.E.2d 328 (4th Dist.2000).

**{¶10}** There is no question that the easement was intended to provide the Guitierrez property with a means of access to Hague Avenue. And the ten-foot width of the easement implied that it was intended to be more than a mere pedestrian crossing — a simple foot path would not require that kind of width, whereas a ten-foot wide driveway would easily accommodate most automobiles. Guitierrez's use of the easement as a driveway for motor vehicles was thus reasonably necessary and convenient to serve the purposes for which the easement was granted. While vehicular traffic might cause some annoyance to Rodriguez, the grant of an easement as a driveway necessarily assumed that there would be some traffic. The impact on the servient estate associated with that use was plainly implied by the grant of the easement.

{¶11} Civ.R. 56(C) states that summary judgment may be rendered when the facts, viewed most favorably to the nonmoving party, show that the moving party is entitled to judgment as a matter of law. We find, as a matter of law, that the court correctly ruled that the terms of the easement allowed Guitierrez to use it as a driveway. The assigned error is overruled.[1]

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR

---

[1] Rodriguez also argues that even if the easement is properly used as a driveway, he should not be forced to remove the four fences that cross the easement because they serve to keep trespassers off his property. The court made no ruling relating to the removal of fences, so the issue of fence removal is not properly before us.



APPENDIX

## PLAT OF LOT SPLIT

BEING SUBLOT No. 373 IN JAMES M. HOYT'S SUBDIVISION