LUIGI CASELLA, Respondent, *v.* MICHELE GALLO, Appellant, Impleaded with BARNEY COHN, Defendant.

Third Department, July 7, 1921.

Deeds — restrictive covenant not to build within stated number of feet from street — covenant not mutually restrictive — right of way for persons, wagons and animals — reservation to be construed as of date when made — reservation does not include passage for large motor trucks — covenant not violated by constructing balcony over right of way eight feet above it.

Under a covenant contained in a deed that in case a building is erected on the lot conveyed it shall be a stated distance from the street, it is no defense to an action to compel the removal of the building to the line

agreed upon or for damages, that the successor in interest of the grantor had constructed a building upon his lot adjoining, practically upon the street line.

A reservation of a right of way made in 1877 " for persons and wagons, animal or animals, on the rear of said premises," is to be construed in the light of the conditions existing at the time of the reservation, and the court will take judicial notice of the fact that such a right of way did not contemplate a passageway for the modern moving van with large and cumbersome load.

Accordingly, where the right of way was maintained as of the same width or wider than at the beginning no encroachment is shown by the construction of a balcony over it more than eight feet above the ground.

JOHN M. KELLOGG, P. J., and KILEY, J., dissent.

APPEAL by the defendant, Michele Gallo, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 4th day of January, 1921, upon the decision of the court, rendered after a trial without a jury, at the Broome Trial and Special Term.

*Mangan & Mangan* [*Thomas J. Mangan* of counsel], for the appellant.

*Charles H. Burnett* [*George M. Le Pine* of counsel], for the respondent.

WOODWARD, J.:

The complaint alleges that on and prior to the 17th day of July, 1877, one Hiram S. Rummer was the owner and in possession of certain premises described therein, and that on said day the said Rummer sold and conveyed a portion of said premises to one Charles F. Notez, reserving from such conveyance " a right of way for persons and wagons, animal or animals, on the rear of said premises." In the deed conveying such premises it was provided that the " said Charles F. Notez for himself and his assigns agrees and binds himself that in case a building is erected upon said premises here conveyed, it shall be built at least four feet from said Hiram S. Rummer's building and the same distance from Whitney street, that said Rummer's is."

The present owner of the premises so conveyed to Notez has constructed a building abutting practically upon the street line, some eight or ten feet nearer Whitney street than

the building owned by Rummer at the time of making the reservation, and the plaintiff, owner of the original Rummer premises, brings this action in equity to compel the removal of the building to the line agreed upon, or for damages; and the learned court at Special Term has given judgment for the sum of $1,800, with an addition of $500 for an alleged encroachment upon the right of way reserved in the deed.

While it might be plausibly argued that it was the intention of the parties to mutually restrict the premises, and that the plaintiff by building out to the street line upon his own property has furnished a justification for the defendant's encroachment, such an intention is not expressed in the deed, and as all the parties through whom the property has passed had notice of the provisions of the instrument we are unable to discover any reason for disagreeing with the court at Special Term in so far as the judgment relates to the location of the building upon defendant's premises. The learned court has discussed the question in harmony with the authorities as we find them, and we discover no failure in the evidence to justify the damages awarded in this particular.

We are, however, unwilling to agree that the damages awarded for an alleged encroachment upon the right of way reserved can be justified by the evidence. The language of the reservation is that of the grantor, and "reserves a right of way for persons and wagons, animal or animals, on the rear of said premises." No dimensions of the right of way are given, and there is no dispute that the present right of way which has been kept open is wider than for a considerable period while the original owners were in possession. The alleged encroachment is not found in the matter of the width of the right of way, but in the fact that the defendant has erected a porch above the first story of his building, which is supported by timbers attached to the lower portion, and one witness testifies that there is not room for a van or a large vehicle containing a large load of goods to pass through the passageway since the erection of this porch, and the court has found this as a fact. But this reservation was made in the year 1877; it does not purport to be a right of way for a large vehicle with a large load of goods, or for a van, such as we know in this day of the gasoline engine and

automobile. It dealt with conditions as they existed in 1877, and this court will take judicial notice of the fact that a right of way "for persons and wagons, animal or animals" did not contemplate a passageway for the modern moving van with its large and cumbersome load. While it is reasonable to assume that it was intended that loaded wagons should be able to pass through, there is nothing in the language used in 1877 to indicate that it was intended that there should be no encroachment upon the right of way such as is described in the evidence. There is no evidence in this case that a loaded wagon, with horses or animals drawing it, could not conveniently pass through this passageway, and there is no justification for holding the defendant liable for damages for extending his porch out over the driveway, the fee of which he owned subject only to the right of way specifically reserved. A reservation of an easement or other servitude by deed always results in the creation of something new, *i. e.*, something which did not before exist as an easement or servitude, and in retaining it as an item of property belonging to the grantor. Being thus brought into existence, as property, by the deed itself, it must always be incorporeal. (Reeves Real Prop. § 136.) There was an incorporeal right, not to the exclusive use of the land, but to a right of way over the land which was conveyed to the defendant's predecessor in title, and this right was, by its language, limited to " persons and wagons, animal or animals." If some one had testified that there was not room for the passage of a mastodonsaurus it would hardly be suggested that there was a failure to preserve the rights of the owner of the right of way, and it seems equally clear that the court erred in holding that there was an encroachment upon the right of way reserved because some one thought there was not room for a vehicle which was unknown at the time the engagement was entered into. The general rule is that a man who owns land subject to an easement has a right to use his land in any way not inconsistent with the easement, and that the extent of the easement claimed must be determined by the true construction of the grant or reservation by which it is created, aided by any circumstances surrounding the estate and the parties which have a legitimate tendency to show the intention of the parties. (*Herman* v.

*Roberts,* 119 N. Y. 37, 43, and authorities there cited.)    Here we have the clearly expressed limitations of the reservation; it is " for persons and wagons, animal or animals," and the evidence discloses that there is a passageway over nine feet in width, something over eight feet in height, and there is literally no evidence that it does not afford a free passageway for persons and wagons, animal or animals, such as were within the contemplation of the parties in the year 1877.

The judgment should be modified by striking out the sum of $500, and as so modified should be affirmed, without costs to either party.

All concur, except JOHN M. KELLOGG, P. J., and KILEY, J., who vote for reversal.

Judgment modified by striking out the sum of $500, and as so modified affirmed, without costs to either party.