■ PAUL BOUCHARD et al., Appellants, v MARY ABBOTT, Respondent. — Mahoney, P. J.

This action arises out of a dispute between plaintiffs and defendant regarding the extent of an easement on land owned by defendant in Washington County and bordering on Lake George. In the 1930's, Paul Fredricks purchased a substantial parcel of land, intending to develop a small resort with summer cabins as well as recreational facilities to be used in common by people who purchased or rented cabins. Over the years, much of the land was subdivided and sold off in small lots. Plaintiffs are the successors in interest of some of the individuals who purchased such lots. In 1971, one Curtis LeRoy purchased a large lakefront portion of the parcel upon which he operated a marina, bar and restaurant. The deed to LeRoy expressly stated that the land was subject to easements in favor of owners of the other lots and that the specifics of the easements were contained in the deeds to those owners. A number of such deeds were introduced into evidence and they describe, in essentially similar terms, easements for the use of such things as a beach, dock, boat ramp and tennis court. LeRoy conveyed this land to defendant in 1979, and she promptly took action to prevent plaintiffs from making use of much of the lot.

Plaintiffs commenced this action seeking to enjoin defendant from interfering with their enjoyment of the easement and for money damages caused by denial of their right to enjoy the easement. After a nonjury trial, Trial Term construed the extent of the easement available to the various plaintiffs and dismissed the causes of action seeking money damages. Plaintiffs have appealed, their primary contention being that Trial Term erred in calculating the size of the easement.

Plaintiffs contend that the easement is a parcel of land with 100 feet of lakefront and a depth of approximately 157 feet. Trial

Term granted an easement with 50 feet of lakefront and significantly less depth. In our view, the proper size of the easement is that claimed by plaintiffs. Several of the plaintiffs' deeds expressly state a 100 foot by 157 foot easement. Another such deed states "facilities of the O-WE-NO-CO COLONY, INC., including the sun docks, the semi-private beach and the entertainment facilities" as well as use "of the tennis court, badminton court, shuffle-board, sun dock and the bathing beach in front of the tennis court". Also, a notice from the original owner to the various lot owners establishes the 100 foot by 157 foot easement claimed by plaintiffs.* Trial Term's rejection of plaintiffs' description of the easement was based on a sketch of the land in question which was introduced into evidence. While it appears that an attempt was made to draw the sketch to scale, it is not a survey map. Moreover, the landmarks relied on by Trial Term, the sun beach and tennis court, were simply sketched and were clearly not drawn to scale. Even if this sketch is considered accurate, it indicates that the amount of beach north of a "sundock" is approximately twice as long as the amount south of the sundock. Since there is no dispute that the length of beach south of the sundock is 28 feet and that the sundock is 8 feet wide, even the sketch closely approximates plaintiffs' claim of 100 feet of beach. Therefore, in our view, plaintiffs' description of the dimensions of the easement is correct.

We reject defendant's contention that plaintiffs abandoned any portion of the easement. Defendant must prove, by clear and convincing evidence, both an intention to abandon and some overt act or failure to act in support of such intention; mere nonuse is not sufficient (*see, Castle Assoc. v Schwartz,* 63 AD2d 481, 487). The quality of defendant's proof is insufficient to satisfy this burden.

Turning now to the relief requested by plaintiffs, they are entitled to injunctive relief enjoining defendant from interfering with their enjoyment of the easement. In addition, while it is not necessary to specify in the judgment each and every right and obligation of the parties, it would appear that there are certain specific areas of conflict which must be settled in the judgment. First, a floating, movable, aluminum dock, in the location where it is annually placed by defendant in connection with her marina business, encroaches on approximately 12 feet of the easement. Testimony established that boat traffic to and from this dock created a hazard for swimmers. Such dock must be removed and must be placed far enough from the easement that neither it

* Such notice was improperly omitted from evidence by Trial Term (*see, Yager Pontiac v Danter & Sons,* 41 AD2d 366, *affd* 34 NY2d 707).

nor boats docked at it encroach on the easement. As a result of the easement, plaintiffs have the right, subject to approval by the Department of Environmental Conservation, to place floating rope markers out into the lake at the southern and northern ends of the easement. However, determining how far into the lake the swimming area extends cannot be determined in this action. An easement to use lakefront property as a beach obviously extends to a reasonable portion of the lake fronting the easement for swimming purposes. However, the documentary evidence in this case is insufficient to ascertain the extent of the swimming area. In our view, this matter should more properly be determined by the Department of Environmental Conservation when plaintiffs apply for permission to set out floating rope markers. That agency is in a better position than this court to analyze the relative interests of a safe swimming area and the needs of commercial boat traffic. Finally, certain of plaintiffs' easements contain express provision for a small number of parking spaces. These individuals have the right to maintain such spaces in the location authorized in their deeds. The remaining areas of conflict should be resolved by the direction that defendant be enjoined from interfering, or allowing her customers to interfere, with plaintiffs' enjoyment and maintenance of their easement, including the shuffleboard and tennis courts.

As a final matter, inasmuch as plaintiffs failed to offer sufficient evidence regarding damages actually suffered, their causes of action for money damages were properly dismissed.

Judgment reversed, on the law and the facts, with costs, and matter remitted to Trial Term for entry of judgment in accordance herewith. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.