■ PAUL J. DEL FUOCO et al., Appellants, v VICTOR A. MIKALUNAS et al., Respondents.—Main, J. Appeal from a

---

judgment of the County Court of Chenango County in favor of defendants, entered November 27, 1984, upon a decision of the court at Trial Term (Ingraham, J.), without a jury.

Plaintiffs and defendants are owners of neighboring parcels of land located in the Town of Sherburne, Chenango County. In February 1984, defendants Victor A. Mikalunas and Nina J. Mikalunas (hereinafter defendants) requested that plaintiffs remove certain obstructions from a right-of-way across plaintiffs' property. Defendants had acquired the right to use that right-of-way by grant in 1961, and now needed the obstructions removed so that certain heavy equipment could be moved onto their property. Plaintiffs commenced this action pursuant to RPAPL article 15 to determine the validity of defendants' claim to the easement. Plaintiffs alleged that defendants had abandoned the easement and, alternatively, that plaintiffs had adversely possessed the easement for the prescriptive period so that defendants' rights had been lost. Defendants counterclaimed, seeking to have plaintiffs barred from asserting any interest in the right-of-way contrary to defendants' interest therein. After a nonjury trial, County Court dismissed the complaint and granted the counterclaim.

We affirm. For plaintiffs to prove that defendants had abandoned the easement, they must show by clear and convincing evidence, *inter alia,* both defendants' intention to abandon and some overt act or failure to act in support of such intention *(see, Bouchard v Abbott,* 110 AD2d 985, 986). A showing of mere nonuse is insufficient in this regard *(supra).* Here, plaintiffs assert that, for many years, they placed obstructions such as a woodshed and certain vegetation upon the right-of-way and that defendants never complained about such obstructions. This, according to plaintiffs, evidenced defendants' intention to abandon the easement. This contention is belied, however, by evidence presented by defendants that they continued to use the right-of-way during the time in question but that, since their usage was such that they could merely go around the obstructions in the past, they never objected to them. Given testimony such as this, County Court committed no error in concluding that plaintiffs' proof was insufficient to show any intention on the part of defendants to abandon the easement *(see, supra; Strevell v Mink,* 6 AD2d 350, *affd* 6 NY2d 850).

We likewise conclude that, because the obstructions placed upon the right-of-way never effectively interfered with defendants' use and enjoyment thereof, plaintiffs never asserted any rights in conflict with defendants' rights. Therefore, plain-

tiffs' claim to unfettered ownership of the right-of-way land under the doctrine of adverse possession must be rejected *(see, Powlowski v Mohawk Golf Club,* 204 App Div 200, 203-204; *see also, Castle Assoc. v Schwartz,* 63 AD2d 481, 487-488, 490).

Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.