■ PAUL BOUCHARD et al., Appellants-Respondents, v MARY ABBOTT, Respondent-Appellant.—Weiss, J. Cross appeals from a judgment of the Supreme Court at Trial Term (Dier, J.), entered November 18, 1985 in Washington County, following remittitur from this court.

The facts underlying this easement dispute are set forth in our earlier decision, in which we defined the extent of the easement and authorized an injunction protecting plaintiffs' interests (110 AD2d 985). Without detailing the rights and obligations of the parties, we remitted the matter to Trial Term for entry of a judgment settling the specific conflicts involved in accord with our decision. Thereafter, the parties were unable to compatibly negotiate the terms of the judgment[1] and, ultimately, Trial Term simply signed a judgment directing "[t]hat judgment be entered in accordance with the decision of the Appellate Division, which is annexed hereto and incorporated herein". These cross appeals ensued.

Initially, we observe that both parties agree that the challenged judgment fails to resolve the dispute by specifying the relief to which plaintiffs are entitled. We concur. Trial Term was obligated to fashion a judgment in compliance with this court's directive (see, Matter of Jennifer G., 110 AD2d 801, 802). That the parties were unable to agree on the content of the judgment did not alleviate Trial Term's obligation and the judgment entered fails to resolve the specific disputes presented.

To resolve the continuing conflict as to the nature of plaintiffs' easement rights, Trial Term is directed to enter a judgment incorporating the following matters. Plaintiffs' trial description of the dimensions of the easement, as including an area with 100 feet of lakefront and a depth of approximately 157 feet, should be included in the judgment[2] As to the location of the parking spaces, plaintiffs acknowledge that the relevant deeds do not specify the precise location of these spaces. However, they maintain that enough evidence was

1. Plaintiffs have submitted correspondence between the parties delineating the nature and extent of their negotiations. While matters outside the certified record on appeal are generally not considered (Interstate Window Cleaning Co. v Morse/Diesel, Inc., 89 AD2d 820), both parties concur that these documents should be taken into consideration (see generally, 1 Newman, New York Appellate Practice § 7.09 [6]).

2. We recognize that plaintiffs commissioned a survey of the easement area by Van Dusen & Steves following our earlier decision, but since the resulting documents are not part of the certified record on appeal, we do not direct the use of the metes and bounds descriptions provided therein.

presented at trial to pinpoint where the spaces were formerly located. Additionally, plaintiffs urge the adoption of a metes and bounds description of the spaces as determined by the Van Dusen & Steves survey. The difficulty with plaintiffs' position is that it would necessitate the removal of a fence installed by defendant, which effectively sets the parking area back a short distance from the water line. Defendant urges that the parking area provided along the fence is adequate and should be delineated in the judgment. Given that the deeds provide only a general description of the parking area, and plaintiffs are presently parking within the easement vicinity, we deem the present arrangement satisfactory and decline to direct the removal of the fence. Accordingly, the judgment should include a directive maintaining the present parking arrangement, and identify those plaintiffs with parking privileges. In addition, it should be stated that defendant is not entitled to use these spaces, which are reserved for the exclusive use of plaintiffs and their guests.

We reemphasize the directives of our earlier decision that defendant must remove the floating aluminum dock utilized in her marina business a sufficient distance from the easement area to avoid the encroachment of boat traffic. This directive not only incorporates plaintiffs' rights to exercise their beach privileges, but is intended to promote the safety of all involved. Plaintiffs are also entitled to place floating rope markers to delineate the appropriate swimming area, subject, of course, to the directives of the Department of Environmental Conservation. Finally, as we previously stated, and as defendant concedes in her brief, the judgment should incorporate a direction enjoining defendant "from interfering, or allowing her customers to interfere, with plaintiffs' enjoyment and maintenance of their easement, including the shuffleboard and tennis courts" (110 AD2d 985, 987, *supra*). This directive, of course, requires defendant to remove any trailers, boats, vehicles or other obstructions presently situated in the easement area.

Judgment reversed, on the law, without costs, and matter remitted to Supreme Court for entry of a judgment in accordance with this decision. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.

(July 14, 1986)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. KAFUS