■ Town of Ulster, Respondent, v Eugene Massa et al., Appellants, and Ulster Trailer Park, Inc., Respondent.— Yesawich, Jr., J. Appeal from an amended judgment of the Supreme Court (Torraca, J.), entered April 2, 1987 in Ulster County, upon a decision of the court, without a jury, in favor of plaintiff.

This action concerns the location and width of a right-of-way from a United States highway, across premises owned by defendants Eugene and Mary Massa or corporations she owns, defendants Florida Samas Ventures, Inc., Wolford Realty Corporation and Kingston Shopping Mall, Inc. (hereinafter collectively referred to as the Massas), to plaintiff's sanitary landfill. The easement, created by a grant in 1901 which did not specify the width of the right-of-way, runs generally eastward across the servient tenement. Prior to the Massas' acquisition of that land, the easement looped sharply to the south crossing briefly onto the property of defendant Ulster Trailer Park, Inc. (hereinafter UTP), where the road rounded

an outcropping of rock, some 30 feet high. Plaintiff acquired the dominant estate in 1955, but even prior to that time the property had been used, unofficially, as a dump, via the subject right-of-way. After acquiring the servient estate in 1970, the Massas dynamited the rock ledge around which the easement curved, straightened the road and made various other improvements to the roadway. These improvements eliminated access to the easement at the curve by UTP residents who had previously used that access to reach the dump. In 1983, plaintiff blacktopped the surface of the easement to a width of about 25 feet.

In September 1983, Florida Samas Ventures filed a notice of claim against plaintiff, averring that the latter had committed continuing trespass in claiming a 50-foot right-of-way. Thereafter, plaintiff initiated this action seeking a declaration that the right-of-way was a public highway pursuant to Highway Law § 189 or, in the alternative, that it was plaintiff's easement, and seeking an injunction allowing it to, *inter alia,* relocate the roadway on its original course. The Massas counterclaimed for a declaration that the easement was 12 to 16 feet wide, damages allegedly suffered by reason of plaintiff's widening of the easement, and counsel fees under 42 USC § 1983. UTP, sued by plaintiff to bind it to the outcome of the action, joined plaintiff in requesting the relief sought in the complaint.

Supreme Court found the easement's width to be 25 feet and ruled that it should follow its original course as allegedly set out in a survey by John Kemble, Jr., conducted just before the Massas altered the road. The court also directed that the Massas were to permit access to and from the easement from UTP's trailer park and dismissed the Massas' counterclaims. Subsequently, the court was informed and confirmed that rerouting the easement to its former course would cause it to pass through a large building on the Massas' property. It therefore amended its decision to decree that the course be as it currently existed and ordered the establishment of a 150.88-foot right-of-way running in a generally northerly direction from UTP's northern boundary to the straightened easement. The Massas appeal from the amended judgment.

The primary dispute at trial, the width of the easement, evolved into a credibility issue. And although this court may assess the evidence when reviewing a nonjury trial, we deem it judicious to defer to the trier of facts where, as here, the credibility of witnesses whom the trial court had the opportunity to observe in the course of testimony is to be determined

*(see, Oneonta Dress Co. v Ozona-USA, Inc.,* 120 AD2d 899, 901). The Massas have failed to persuasively demonstrate that their witnesses, who were primarily occasional users of the landfill road, were more credible than Kemble, a licensed engineer, who, based upon a 1970 survey, testified that the right-of-way was 25 feet wide; Bernard Dachenbausen, plaintiff's landfill superintendent for 20 years, who testified that two 20-wheel trucks could pass each other on the "dump road"; or Raymond Coles, president of UTP and the Massas' predecessor in interest, who testified that when he owned the servient estate he had agreed with plaintiff that the width of the right-of-way would be 25 feet.

Furthermore, where the extent of a right-of-way is not specified, it is construed to be that which is necessary for the use for which it was created *(Le Sawyer v Squillace,* 14 AD2d 961, 962). Although the use of the dominant tenement in 1901 is not disclosed by the record, the easement has been used by the general public for ingress and egress to and from a dump since before 1955, making that the legitimate use of the easement by prescription *(see,* RPAPL 311; *Slater v Ward,* 92 AD2d 667, 668). There was adequate evidence that a 25-foot width is necessary for the safe use of the easement for that purpose.

The other issue raised on this appeal is whether UTP is entitled to the 150.88-foot-long right-of-way, between the now straightened easement and the trailer park, which was granted in the amended judgment. Certainly when the dump road intersected with UTP property, the trailer park residents, as members of the general public, were entitled to enter the dump road at that point. While the Massas should have obtained plaintiff's consent before relocating the easement *(see generally,* Annotation, *Relocation of easements [other than those originally arising by necessity]; rights as between private parties,* 80 ALR2d 743, § 2), it may well be that plaintiff acquiesced in the relocation when it blacktopped that surface. In any event, unless UTP owns a dominant tenement or an unextinguished easement by grant or prescription benefiting itself, circumstances not pleaded or offered to be proven by this record, it cannot be heard to complain here that it has been deprived of its shortcut to the dump road. Thus, it was error for Supreme Court to grant UTP a 150.88-foot right-of-way across the Massas' property.

Amended judgment modified, on the law, without costs, by deleting so much thereof as grants a right-of-way to Ray Coles (Ulster Trailer Park, Inc.), without prejudice to an action by

defendant Ulster Trailer Park, Inc. to establish such a right-of-way, and, as so modified, affirmed. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.