■ MARION D. CARNEMELLA et al., Appellants, v MICHAEL SADOWY et al., Respondents, et al., Defendant.—Harvey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered February 19, 1988 in Ulster County, which, *inter alia,* granted defendant Michael Sadowy's cross motion for summary judgment dismissing the complaint against him.

Plaintiffs and defendant Michael Sadowy are owners of neighboring parcels of land located in High Falls, Ulster County. Sadowy's property was acquired in September 1971 by deed from John Chomanczuk. The deed conveyed a right-of-way over Chomanczuk's remaining property: "for the purpose of erecting utility lines from the Clove Road to the lands herein conveyed. Said right-of-way running adjacent to the stone wall running from the Clove Road to the property herein conveyed in a generally northerly direction. * * * The right-of-way, if used, will be no wider than required for running utility lines." In an April 1972 deed, Chomanczuk deeded to plaintiffs the parcel of land adjoining the Sadowy property but specifically excepted the previously described right-of-way.

Sadowy did not attempt to use the right-of-way until May 1987 when he began work to install electricity and otherwise winterize his house. Prior to that time, Sadowy requested that

plaintiffs grant him an easement for utility lines to run along the western portion of plaintiffs' property in exchange for giving up his right-of-way across the eastern portion. Plaintiffs refused and Sadowy announced his intention of utilizing his right-of-way as described in his deed. Thereafter, Sadowy placed his order for electric service with defendant Central Hudson Gas and Electric Corporation (hereinafter Central Hudson) which, of necessity, required the construction of an electric line through plaintiffs' property. In doing so, Central Hudson's employees became embroiled in arguments with plaintiffs and performed certain acts which formed the basis for the third and fourth causes of action set forth in plaintiffs' complaint. Specifically, plaintiffs' complaint alleges as its first cause of action that it was commenced pursuant to RPAPL article 15 to determine adverse claims to plaintiffs' property; the second cause of action alleged the invalidity of the right-of-way as impermissibly vague and conditional and that any title Sadowy had was abandoned and plaintiffs' title became free and clear of any right-of-way because of adverse possession on the part of plaintiffs; the third cause of action is for property damage caused by Central Hudson near the western boundary of plaintiffs' land; and the fourth cause of action is for damages because of mental anguish and emotional distress to plaintiff Marion D. Carnemella by an employee of Central Hudson. Plaintiffs moved for an order restraining and enjoining defendants from entering in or upon the property of plaintiffs and Sadowy cross-moved for an order pursuant to CPLR 3212 dismissing the complaint. Supreme Court denied plaintiffs' motion and granted Sadowy's cross motion dismissing the complaint. Plaintiffs appeal.

Plaintiffs' first point on appeal is based upon their confusion as to the extent of the order appealed from. They contend that the broad language of the order could be interpreted as meaning that the complaint was being dismissed as far as Central Hudson was concerned. Our reading of the order finds no support for that impression. Central Hudson made no motion to dismiss the complaint and even though it has been named as a respondent in these proceedings, it has filed no brief and contested no issue raised by the appeal. It is our conclusion that the complaint was only dismissed as against Sadowy.

As to the first cause of action, we find that Sadowy had a valid title to an easement along the eastern boundary of plaintiffs' land expressly stated in his deed and referred to in plaintiffs' deed. There was no proof of any violation of any

condition in his deed. The description is not made by metes and bounds but is satisfactorily described as running along the eastern boundary adjacent to a stone fence. The width is not described but Supreme Court has most appropriately stated that the width should be that ordinarily and reasonably required for a utility line as contemplated herein.

Turning next to the allegations contained in the second cause of action, we find that this claim was properly dismissed. Despite plaintiffs' contentions otherwise, the subject easement was neither vague nor unenforceable since it reasonably described the portion of the property where the easement existed and the purpose and intent for which it was created (see, Willow Tex v Dimacopoulos, 68 NY2d 963, 965; Todd v Krolick, 96 AD2d 695, 696, affd 62 NY2d 836; 2 Warren's Weed, New York Real Property, Easements, § 3.04 [4th ed]). Additionally, we reject plaintiffs' contention that Sadowy abandoned his easement. Plaintiffs have failed to prove, by clear and convincing evidence, both an intention to abandon and some overt act or failure to act in support of such an intention (see, Bouchard v Abbott, 110 AD2d 985, 986, appeal dismissed 67 NY2d 983). Mere nonuse of an easement created by grant will not cause its extinguishment (supra; see, Gerbig v Zumpano, 7 NY2d 327, 331; Del Fuoco v Mikalunas, 118 AD2d 980, 981). Plaintiffs' claim of unfettered ownership of the right-of-way land under the doctrine of adverse possession must likewise be rejected. Plaintiffs specifically state that they had built a barn and driveway in areas "inconsistent" with the right-of-way and this constituted adverse use on their part. However, since Sadowy did not attempt to use his easement until 1987 (see, Castle Assocs. v Schwartz, 63 AD2d 481, 490), the period of allegedly adverse use by plaintiffs has not been continuous for the prescribed 10-year period (supra, at 487; see, City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 121).

Finally, we consider plaintiffs' contention that the third and fourth causes of action in the complaint against Sadowy should not have been dismissed because Sadowy's papers in support of his summary judgment motion made no mention of these causes of action. As a result, plaintiffs claim that they had no notice that Supreme Court would be considering the complaint as a whole. We disagree. Here, Sadowy's notice of motion specifically stated that it was addressed to the entire complaint. As a practical matter, the third and fourth causes of action were really only addressed to alleged misconduct of Central Hudson personnel. Although plaintiffs attempted to

link these causes of action to Sadowy by alleging that Central Hudson was acting as Sadowy's agent, Sadowy's verified answer denied plaintiff's allegations of agency. Since plaintiffs submitted no competent proof or facts one way or the other on this point, Supreme Court correctly dismissed the remaining causes of action as against Sadowy.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.