■ SPA STEEL PRODUCTS, INC., Respondent, v CAPRI PIZZERIA, Appellant.—Casey, J. Appeal from an order and judgment of the Supreme Court (Plumadore, J.), entered February 8, 1990 in Saratoga County, upon a decision of the court in favor of plaintiff, without a jury.

At issue on this appeal is whether there is sufficient evidence in the record to support Supreme Court's order and judgment in favor of plaintiff upon its cause of action to recover damages for defendant's breach of its oral promise to pay for steel which, in reliance upon defendant's promise, plaintiff fabricated and delivered to a construction site owned by the father of defendant's owners. Plaintiff presented proof that defendant is a restaurant doing business as Capri Pizzeria in the Village of Lake George, Warren County, and that Roberto Mastrantoni and his brother Rocco are the sole owners of the business. Plaintiff's agent testified at trial that he placed a telephone call to the telephone number for defendant's business location and spoke with a "Mr. Mastrantoni", who agreed to pay for the materials and provided the name of a local bank officer as a credit reference. Plaintiff's agent telephoned the bank officer, who verified the financial standing of defendant's business. Based upon this evidence, it is our view that a question of fact was presented as to whether plaintiff's agent spoke to one of the brothers who owned the business and, if so, whether that owner agreed to have the business pay for the materials to be delivered by plaintiff. Resolution of this issue depends largely upon the credibility of the witnesses and we see no basis for disturbing Supreme Court's assessment of the witnesses' credibility (see, Town of Ulster v Massa, 144 AD2d 726, 727-728, lv denied 75 NY2d 707).

Order and judgment affirmed, with costs. Mahoney, P. J., Casey and Yesawich, Jr., JJ., concur.

Levine and Harvey, JJ., dissent and vote to reverse in a memorandum by Harvey, J.; Weiss, J., not taking part. Harvey, J. (dissenting). We respectfully dissent.

The complaint does not name as a defendant any individual, partnership or corporation. It simply names the defendant as Capri Pizzeria and alleges that defendant was involved in the restaurant business. The only evidence concerning the identity of defendant was introduced by plaintiff and that testimony established that defendant is a corporation owned by Roberto and Rocco Mastrantoni. There was no evidence of any nature which established that the person to whom plaintiff's chief executive officer spoke was authorized to bind the corporation.

The case becomes confusing because plaintiff's agent contacted a "Mr. Mastrantoni", apparently believing that this Mr. Mastrantoni was the owner of the pizzeria. Actually there were three Mr. Mastrantonis, two of whom were involved in the restaurant business and a third (Arcangelo Mastrantoni) who was the father of defendant's owners and the owner in his own right of the motel that was being remodeled. There was no connection between the motel and the pizzeria. There is no question that the steel was delivered to the motel owned by Arcangelo Mastrantoni, that the pizzeria business was being conducted in an entirely different location than that of the motel and that no invoices were ever sent to the pizzeria. The $5,000 downpayment to plaintiff for the steel was not made by defendant but was paid by the general contractor for the motel construction project who worked for Arcangelo Mastrantoni, not defendant. There was no evidence of any nature that any conversation was held between plaintiff and the two stockholders of defendant. There was nothing in the conversation between plaintiff and "Mr. Mastrantoni" indicating that the pizzeria business would pay for the steel.

The issue in this case is not, as the majority suggests, simply a matter of credibility. Plaintiff's representative candidly admitted on the stand that he had no idea that there was more than one Mr. Mastrantoni and he did not know exactly which one he may have spoken to on the phone. Taking this admission as completely true, we fail to see how this evidence establishes a prima facie case for plaintiff. Moreover, there was no evidence presented contradicting the testimony of Roberto Mastrantoni, a witness called by plaintiff, to the effect that there was no connection between the activities of defendant and Arcangelo Mastrantoni's motel. Since we are of the opinion that the evidence introduced by plaintiff at trial failed completely in proving that a person authorized by the corporate defendant made a promise to pay for materials delivered to an unrelated business entity, it is our view that Supreme Court should have granted defendant's

CPLR 4401 motion at the close of plaintiff's case. Accepting plaintiff's sparse evidence as true and giving it the benefit of every favorable inference that could reasonably be drawn therefrom *(see, Donnell v Stogel,* 161 AD2d 93, 96), it is apparent that defendant's motion should have been granted. While the "question of fact" the majority discusses might have been sufficient to defeat a pretrial summary judgment motion by defendant, the possible existence of a question of fact standing alone does not vitiate a plaintiff's burden of proving at trial by a preponderance of the evidence that a legal contract was formed which was binding upon defendant *(cf., Mix v Neff,* 99 AD2d 180, 182). Accordingly, we would reverse the order and judgment in plaintiff's favor and dismiss the complaint.