**COLUMBIA GAS TRANSMISSION CORPORATION**

v.

**ADAMS et al.**

Court of Common Pleas of Ohio,
Fairfield County.

No. 94CV0015.

Decided Nov. 23, 1994.

*Porter, Wright, Morris & Arthur* and *Brian L. Buzby;* and *Harry C. Bruner, Jr.,* for plaintiff, Columbia Gas Transmission Corporation.

*The Adames, pro se.*

JOSEPH T. CLARK, Judge.

This action was commenced by plaintiff, Columbia Gas Transmission Corporation ("Columbia"), seeking a preliminary and permanent injunction to compel defendants, Mr. and Mrs. Clyde Adams ("the Adamses"), to move a structure constructed by the Adamses on their property located approximately six to seven feet from an underground natural gas pipeline owned and operated by Columbia

and to permanently enjoin the Adamses from constructing any structure within twenty-five feet of each side of the center line of the pipeline or from otherwise interfering with or obstructing Columbia's operation of the pipeline pursuant to a right-of-way agreement held by Columbia for the pipeline on this property. In their answer filed to the complaint, the Adamses admitted most of the allegations contained in the complaint.

The only issue remaining for determination is the necessary and reasonable width of a right-of-way that Columbia could enforce pursuant to the easement given to Columbia in its right-of-way agreement that covers this real property.

This matter was heard by the court on October 27, 1994. All parties were present for the hearing and all parties presented evidence and testimony to the court. Based on the evidence and argument presented at the hearing and based on the Adamses' response to the complaint filed herein, the court issues the following findings of fact and conclusions of law, order, and final judgment.

### FINDINGS OF FACT

1. Columbia is a corporation with its principal place of business in Charleston, West Virginia. Columbia is engaged in the business of storing and transporting natural gas in interstate commerce in Ohio and in other states.

2. Defendants, Mr. and Mrs. Adams, are residents of Fairfield County, Ohio.

3. As part of its operation, Columbia owns and operates an underground high pressure natural gas pipeline, Line H, that runs through real property located at 5767 Bauman Hill Road, Lancaster, Ohio, owned by the Adamses. Columbia maintains this pipeline pursuant to an easement granted in a written right-of-way agreement that applies to this property. This agreement is recorded for public record in the Office of the County Recorder of Fairfield County, Ohio, at Deed Record Volume 315, page 313. A copy of the right-of-way agreement is attached to the complaint filed herein. The right-of-way agreement expressly permits Columbia "to maintain, operate without restriction or limitation, repair, replace, and remove" the pipeline. However, the agreement does not specify any certain width or area around the pipeline that Columbia may use for this purpose. Columbia has used this right-of-way agreement to come on the Adamses' property to inspect Line H.

4. In addition, Columbia's right-of-way and use of the property are open and obvious. Portions of the pipeline are marked by permanent line markers, which were in place before the construction of the structure. A portion of the pipeline travels through a wooded area, which area can be observed from the Adamses' property, where Columbia maintains a large cleared corridor to service and maintain the pipeline. Before constructing the structure in issue here, Adams

knew of the pipeline, the right-of-way agreement, and Columbia's operation of the pipeline across the property.

5. Line H is a twelve-inch, high-pressure natural gas pipeline located approximately two to three feet below the surface of the property. The pressure in Line H is approximately one hundred twenty-five to two hundred twenty-five pounds per square inch. Line H serves Fairfield and other counties in Ohio.

6. The structure constructed by the Adamses is a large asphalt pad, approximately forty by fifty feet, surrounded on three sides by a privacy or stockade fence that is approximately six feet high. The Adamses use the pad to store materials, such as crushed glass. The structure was constructed without any notice to Columbia. At its closest point, the structure is approximately six to seven feet away from Line H.

7. Columbia first discovered the encroaching structure during a car patrol on or about October 19, 1993. The Columbia employee conducting the patrol, Tom Finck, advised the Adamses that the structure was encroaching on Line H and that it may be necessary to move the structure back at least twenty-five feet from the pipeline.

8. Thereafter, Columbia employees met with the Adamses on November 4, 1993, and confirmed that the structure encroached on Line H and that it would be necessary to move the structure back at least twenty-five feet from the pipeline. Although the Adamses indicated initially they would move the structure, the structure was never moved.

9. Columbia regularly inspects all of its pipelines, including Line H, in a variety of ways, as a ongoing part of its business operation. One type of inspection undertaken by Columbia is a "side drain" test. A side drain test is a test taken from the side of the pipeline undertaken for several reasons, including the detection and location of possible gas leaks. Although the test can be undertaken at various distances from the side of a pipeline, a reasonable and necessary width for the side drain test is twenty-five feet from each side of the pipeline.

10. If Columbia would detect a leak or other problem in the line, Columbia is required to repair that leak and restore the pipeline to good working order as soon as possible. Although such repairs or maintenance may require areas larger than twenty-five feet from each side of the pipeline, at a minimum, an area of twenty-five feet on each side from the center of the pipeline is reasonably required. This area is required to safely and efficiently accommodate the construction work and equipment necessary to complete any repairs or maintenance, including replacement.

11. It is standard practice in the operation of an underground natural gas pipeline such as Line H to keep at least twenty-five feet on each side of the pipeline free and clear of encroaches so that inspections, maintenance, and repairs can be safely and efficiently undertaken.

12. At its present location, the structure constructed by the Adamses constitutes an unreasonable and unsafe obstruction and interferes with Columbia's safe and efficient operation of the pipeline and, in this respect, unreasonably violates the easement granted to Columbia in the right-of-way agreement. The structure prevents or hinders Columbia from doing the side drain test. The structure prevents or hinders Columbia from undertaking maintenance and repairs that might be necessary on Line H. Additionally, the structure also prevents Columbia from reacting quickly and in a timely and proper manner in an emergency situation, since Columbia would have to move the structure before it could repair the pipeline. In this respect, the structure creates a dangerous situation to Columbia's employees, to the Adamses, and the public. The public interest requires that Columbia be able to repair and service natural gas pipelines as quickly, safely, and reasonably as possible.

13. The burden to the Adamses in moving the structure is slight when compared to the burden and risk to the Adamses, Columbia's employees, and the public if the structure remains where it is presently located. The structure constitutes a dangerous and unsafe condition and an unreasonable risk to the public safety.

## CONCLUSIONS OF LAW

1. This court has subject matter jurisdiction over this action and venue is proper in this court pursuant to Civ.R. 3 in that the defendants reside in this county, the pipeline is located in this county, the encroaching structure is located in this county, and the claim arose in this county.

2. The granting of an easement includes the grant of all things necessary for the use and enjoyment of the easement. *Trattar v. Rausch* (1950), 154 Ohio St. 286, 43 O.O. 186, 95 N.E.2d 685; *Day, Williams & Co. v. RR. Co.* (1884), 41 Ohio St. 392, 1884 WL 137; 36 Ohio Jurisprudence 3d (1982) 455–456, Easements, Section 53.

3. Under Ohio law, where the complete terms of the easement are not expressed in the instrument granting the easement, the extent and limitation of the easement are to be ascertained from the language of the grant, from the circumstances surrounding the transaction, and by what is reasonably necessary and convenient to serve the purpose for which the easement was granted.

*Roebuck v. Columbia Gas Transm. Corp.* (1977), 57 Ohio App.2d 217, 11 O.O.3d 256, 386 N.E.2d 1363; *Rueckel v. Texas E. Transm. Corp.* (1981), 3 Ohio App.3d 153, 3 OBR 172, 444 N.E.2d 77.

■ 4. The owner of land that is subject to an easement has the right to use the land in any manner not inconsistent with the easement, but has no right to interfere with the reasonable and proper use of the easement or obstruct or interfere with the use of the easement. *Swango Homes, Inc., v. Columbia Gas Transm. Corp.* (S.D.Ohio 1992), 806 F.Supp. 180; *Columbia Gas Transm. Corp. v. Bennett* (1990), 71 Ohio App.3d 307, 594 N.E.2d 1; *Roebuck, supra.; Rueckel, supra.*

■ 5. The owner of an easement has the right to remove objects within the easement that unreasonably interfere with or obstruct the reasonable and proper enjoyment and use of the easement. *Rueckel v. Texas E. Transm. Corp.* (1981), 3 Ohio App.3d 153, 3 OBR 172, 444 N.E.2d 77; *Columbia Gas Transm. Corp. v. Bennett* (1990), 71 Ohio App.3d 307, 594 N.E.2d 1.

6. Columbia's pipeline is regulated by the Federal Energy Regulatory Commission ("FERC") and is subject to the Natural Gas Pipeline Act, Section 1671 *et seq.*, Title 49, App., U.S.Code. Among other things, Columbia is required by FERC and the Act to inspect and maintain its pipelines and to have an emergency plan, such that Columbia can react to any emergency situation as quickly and safely as possible for the public's safety and for the continuity of gas supply. The structure constructed by the Adamses prevents Columbia from inspecting and maintaining the pipeline and from acting as quickly and as safely as possible when it is necessary to repair or maintain the pipeline in the vicinity of the structure.

7. For the reasons set forth above, Columbia has demonstrated by a preponderance of the evidence that the structure constructed by the Adamses is inconsistent with the right-of-way agreement, that it violates the terms of the easement granted in the right-of-way agreement, and that it unreasonably interferes with and obstructs the easement granted to Columbia. In addition, as noted, the structure creates a dangerous situation to Columbia, the Adamses, and the public.

■ 8. The easement granted to Columbia in the right-of-way agreement applicable to this property extends, at a minimum, from twenty-five feet on each side from the center of the natural gas pipeline. To the extent that the structure constructed by the Adamses is within twenty-five feet of the pipeline, the

structure unreasonably encroaches on and is an improper obstruction to Columbia's right-of-way.

It is, therefore, ORDERED, that:

1.   The Adamses totally remove at their cost that part of the encroaching structure located within twenty-five feet from each side of the center of the pipeline as soon as reasonably possible, but no later than April 1, 1995;

2.   If the structure has not been removed by April 1, 1995, Columbia is hereby given leave and permission of the court to enter on the Adamses' property to do all things necessary to remove the encroachment.  Costs for this will be assessed against the Adamses.  Columbia is hereby given leave to file a supplemental cost bill in this action to assess these costs if it becomes necessary for Columbia to remove the encroachment;  and

3.   In the event of an emergency prior to April 1, 1995, that effects the public health and safety, Columbia is hereby given leave and permission of the court to enter on the Adamses property to remove the encroachment.  Columbia's costs for this removal will be assessed against the Adamses in the same manner as set forth above.

Based on these findings and this order and defendants' admissions contained in their answer filed herein, it is the further finding and order of this court that final judgment can be, and hereby is, entered in favor of plaintiff, Columbia Gas Transmission Corporation.  Defendants are ordered to remove the encroachment as set forth above and to forever cease from interfering with or obstructing in any way the fifty-foot right-of-way permitted by this court.

Costs of this action are assessed against defendants.

*So ordered.*