■ HENRY R. PEKAREK et al., Respondents, v CLARENCE H. L. VOTAW et al., Defendants, and MICHAEL D'ANGELO et al., Appellants. [628 NYS2d 859] —Cardona, P. J. Appeal from an order of the Supreme Court (Rose, J.), entered March 10, 1994 in Delaware County, which, *inter alia*, denied a motion by defendants Michael D'Angelo and Carmela D'Angelo to vacate a default judgment entered against them.

Plaintiffs and defendants Michael D'Angelo and Carmela

D'Angelo (hereinafter collectively referred to as defendants) are owners of neighboring parcels of land located in the Town of Colchester, Delaware County. In 1980, plaintiffs commenced this action seeking a judgment declaring that they had an easement by grant, prescription and necessity over a portion of defendants' property. Although defendants were timely served with process, they chose not to answer or appear. Plaintiffs subsequently moved for a default judgment and by order and judgment dated February 22, 1982, the motion was granted. A supplemental judgment, dated June 14, 1984, made a final determination with respect to the nondefaulting defendants in the action.

Almost 10 years later, by order to show cause dated September 14, 1993, defendants moved to vacate the supplemental judgment. Plaintiffs opposed the motion and cross-moved for enforcement of the easement. In response, defendants argued that any rights plaintiffs had in the easement had been terminated by, *inter alia*, defendants' adverse possession. Supreme Court denied defendants' motion and granted plaintiffs' cross motion, prompting this appeal.*

We affirm. A party seeking to be relieved of a judgment on the ground of "excusable default" (CPLR 5015 [a] [1]), as is the situation in this case, must establish that there was a reasonable excuse for the default and a meritorious claim or defense (*see, e.g., McKay v Longman*, 199 AD2d 941). Here, the excuse offered by defendants for their failure to contest the action was that they mistakenly believed that plaintiffs sought only a 10-foot right-of-way and they did not object to such relief. It was not until entry of the supplemental judgment that defendants realized that the first judgment actually conferred a 25-foot wide easement. As Supreme Court noted, however, the deed description and survey map attached to the complaint clearly demonstrated that the wider right-of-way was sought and defendants failed to allege any misrepresentation on plaintiffs' part that reasonably led to their erroneous belief as to the width of the right-of-way. In light of these facts and the record before us, we cannot say that Supreme Court abused its discretion in refusing to relieve defendants of their default (*see, Bodi v Orciuoli*, 195 AD2d 841; *Tucker v Rogers*, 95 AD2d 960). In

---

* Insofar as the supplemental judgment did not affect defendants' rights, Supreme Court construed defendants' papers to be an application to vacate the first judgment rather than the later one. The court also rejected plaintiffs' claim that the motion was untimely; as it noted, plaintiffs never alleged that the first judgment was served on defendants (*see*, CPLR 5015 [a] [1]). The parties do not claim any error with respect to either of these aspects of the court's decision.

light of this determination, we need not address the question of whether defendants demonstrated a meritorious defense to plaintiffs' claims.

We turn next to Supreme Court's grant of plaintiffs' cross motion. Initially, we find that the record supports the court's conclusion that the easement was not abandoned by plaintiffs. The required clear and convincing evidence of both an intent to abandon and an overt act or failure to act in support of such an intention does not exist in this record (*see, Route 22 Assocs. v Cipes*, 204 AD2d 705). Nonuse of an easement created by grant will not cause the extinguishment of an easement (*see, Gerbig v Zumpano*, 7 NY2d 327).

We also find no error in Supreme Court's rejection of defendants' adverse possession claim. There was no allegation that the obstructions placed upon the right-of-way by defendants ever effectively interfered with plaintiffs' use and enjoyment thereof; thus, defendants failed to assert any rights in conflict with plaintiffs' rights (*see, Carnemella v Sadowy*, 147 AD2d 874; *Del Fuoco v Mikalunas*, 118 AD2d 980). Defendants' remaining arguments have been considered and rejected as unpersuasive.

Mercure, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

