■ LUCIANO PAGANO et al., Plaintiffs, v U.W. MARX, INC., Defendant and Third-Party Plaintiff-Respondent. AMERICAN WALL SYSTEMS, INC., Third-Party Defendant-Appellant. [636 NYS2d 188] —Casey, J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 9, 1994 in Ulster County, which denied third-party defendant's motion to vacate a default judgment entered against it.

Plaintiffs commenced this action in April 1993 alleging, *inter alia*, Labor Law violations against defendant. Following the service of its answer, defendant served a third-party complaint upon defendant's employer. Upon third-party defendant's failure to answer, defendant sought a default judgment. Third-party defendant did not oppose the motion. A default judgment was thereafter filed, a copy of which was served with notice of entry upon third-party defendant. Subsequently, third-party defendant moved to vacate the default judgment. Supreme Court denied the motion and this appeal ensued.

We affirm. In order to be relieved of a judgment on the ground of "excusable default" (CPLR 5015 [a] [1]), a party "must establish that there was a reasonable excuse for the default and a meritorious claim or defense" (*Pekarek v Votaw*, 216 AD2d 829, 830; *see*, *Matter of Butchar v Butchar*, 213 AD2d 788). Upon reviewing the contradictory affidavits submitted by

third-party defendant's president and counsel in support of its motion to vacate, we agree with Supreme Court that third-party defendant failed to meet its burden of demonstrating a reasonable or justifiable excuse for the delay. The fact that third-party defendant's president allegedly failed to "understand the urgency" of responding to the third-party complaint does not constitute a reasonable excuse, nor does the vague and unsubstantiated claim of administrative or clerical error in the delivery of the third-party complaint to the carrier for third-party defendant (*see, Fennell v Mason*, 204 AD2d 599; *General Elec. Tech. Serv. Co. v Perez*, 156 AD2d 781, 783).

Accordingly, we decline to disturb Supreme Court's exercise of its discretion in this matter (*see, Northeastern Harness Horsemen's Assn. v Saratoga Harness Racing*, 216 AD2d 746, 747). Given the lack of reasonable excuse, we agree with Supreme Court that the determination of whether third-party defendant demonstrated a meritorious defense was rendered irrelevant (*see, Pekarek v Votaw, supra*, at 830).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.