■ SELECT PAPERS, INC., Respondent, v COLLEGE PROMOTIONS CORPORATION et al., Defendants, and LEE G. TAGLIAFERRI, Doing Business as COLLEGE PROMOTIONS CORPORATION, Appellant. [663 NYS2d 1012] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered March 28, 1996 in Albany County, which denied defendant Lee G. Tagliaferri's motion to vacate a default judgment entered against him.

Plaintiff commenced this action seeking to recover money damages allegedly owed for the nonpayment of a shipment of paper. During a pretrial conference, the parties entered into a stipulation and order requiring, *inter alia*, that responses to discovery demands be completed by August 28, 1994. A second pretrial conference was scheduled for November 1, 1994.

After the deadline for responses to discovery demands had expired, defendants' counsel asked plaintiff's counsel to consent to extend the time within which to serve responses until October 28, 1994. Plaintiff's counsel agreed to the extension but took no further action in obtaining approval of the extension from Supreme Court.

Defendants' counsel failed to appear for the November 1, 1994 pretrial conference. Supreme Court thereafter granted a default judgment in plaintiff's favor based upon defendants' unexplained failure to comply with the discovery order and to attend the pretrial conference. Judgment was entered awarding plaintiff damages in the amount of $12,928.42 plus interest and costs. By order to show cause, defendant Lee G. Tagliaferri (hereinafter defendant) moved to vacate the default judgment with respect to him, individually. Supreme Court denied the motion for failure to demonstrate a reasonable excuse for the default. This appeal ensued.

We affirm. It is well settled that in order to be relieved of a default judgment, the defaulting party must demonstrate both a reasonable excuse for the default and a meritorious defense (*see*, CPLR 5015 [a] [1]; *Marine Midland Bank v Fanning*, 233 AD2d 600; *Pagano v U.W. Marx, Inc.*, 223 AD2d 817). In this case, defendant offered no excuse for failing to meet the relevant discovery deadlines and has offered no explanation as to why he failed to appear at the pretrial conference. Defendant's counsel places unjustifiable reliance on the "joint letter" addressed to Supreme Court, which he claims sought a postponement of the November 1, 1994 conference; a simple reading of the letter, however, reveals that it did not even mention the conference date, much less seek a postponement of it. Moreover, we find nothing in this letter which would provide a reasonable explanation for the delay in completing discovery. We

therefore agree with Supreme Court that defendant has not proffered a reasonable excuse for the delay. As no reasonable excuse exists, the issue of whether defendant demonstrated a meritorious defense need not be addressed (*see, Pagano v U.W. Marx, Inc., supra,* at 818; *Pekarek v Votaw,* 216 AD2d 829, 830).

As to defendant's claim that Supreme Court erred in failing to hold an inquest, we note that because the amount in dispute was "for a sum certain" an inquest was not required (CPLR 3215 [a]; *see, Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.