COLUMBIA GAS TRANSMISSION CORPORATION, Plaintiff,

v.

Lewis **PERRY**, Yoland Perry, Alexander Road Association, Inc., Anthony Vulpone, Estate of Anthony Vulpone, Robert Antalocy, Thomas Harris, Dolores A. Korz, John P. Kilduff, Kenneth Lee d/b/a "I Can Get It For You Wholesale," Sallie E. Harmon, Paul Ruggiero, Michelle Ruggiero, Terrance Donnary, Andrew Perna, Karen Perna, Robert McMahon, Carl McMahon, Kelvin M. Lewis, Marchelle Kirby, Jhon Gordon, Ruth Monroe, Edward R. Mateo, Rosann P. Mateo, Adam Doran, Nicole Doran, Credence Development Inc., Richard Delisi, Adelaide Faulkner, Paul Espel, Carol Espel, Dawn Fornoff, Richard Burton, Gary Marina, and John Doe No. "1" through "10", inclusive, the names of the last ten defendants being fictitious, the true names being unknown to plaintiff, the parties intended being those having an ownership interested in property affected by a certain easement described in the complaint, Defendants.

No. 7:07–cv–5739 (WWE).

United States District Court, S.D. New York.

April 21, 2008.

---

Scott Stephen McKessy, Reed Smith, LLP, Philadelphia, PA, Wallace Bryan Neel, Reed Smith, New York, NY, for Plaintiff.

Stuart E. Nahas, Zraick Nahas & Rich, New York, NY, for Defendants.

### MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

WARREN W. EGINTON, Senior District Judge.

Plaintiff Columbia Gas Transmission Corporation commenced this action seeking declaratory relief establishing the scope of its rights pursuant to an easement on or near defendants' respective properties. Now pending before the Court are defendants' Motion for Summary Judgment (Doc. # 59) [1] and plaintiff's Motion

---

**1.** Defendants' motion for summary judgment was filed only on behalf of defendants Lewis and Yolanda Perry, Alexander Road Association, Inc., Edward R. and Rosann P. Mateo,

for Summary Judgment (Doc. # 60). For the following reasons, defendants' motion will be denied in part and plaintiff's motion will be granted.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The parties have submitted briefs, a stipulation of facts and supporting exhibits which reflect the following factual background.[2]

Plaintiff Columbia Gas is a Delaware corporation with a principal place of business in West Virginia. It owns and operates natural gas pipelines throughout the state of New York. Defendant Alexander Road Association, Inc. ("ARA") is a New York corporation that manages the common area of the other defendants' subdivision. The remaining defendants are landowners in Orange County, New York. A pipeline owned, operated and maintained by plaintiff either traverses or is located near plots of land owned by the respective defendants.

In 1949, plaintiff's predecessor-in-interest, Home Gas Company, was granted an easement through land owned by Lillian A. Alexander in exchange for one dollar. The easement allows plaintiff to "lay, maintain, operate, repair, change and remove a pipe line over and through lands" and "to maintain, operate, repair and remove its existing pipe lines for the transportation of gas on said land." Columbia Gas is to reimburse the landowners for any damages, "both real and personal," which arise because of plaintiff's activities on the land at issue, including a fixed amount for dam-

ages to timber and tree damage. The easement was duly recorded with the Office of the Orange County Clerk on August 30, 1949. The easement did not provide for the specific placement of the pipeline within Ms. Alexander's land, instead providing that the grantee would "select the exact location of the pipe line after its final surveys have been completed." The easement also did not specify its size. It is the controversy over the size of the easement that is at the crux of this case.

In 1979, a natural gas pipeline was constructed across the relevant property. This pipeline is maintained and administered pursuant to a litany of federal and state laws and regulations. Plaintiff contends that to operate and maintain the pipeline safely, there must be a twenty-five foot wide perimeter on either side of the pipeline to prevent unauthorized excavations or encroachments. Plaintiff further contends that it has protected this fifty-foot breadth since before the defendants purchased their respective properties.

After the granting of the easement, Ms. Alexander's property was subdivided into multiple plots, all subject to the easement. Each defendant purchased their respective property subject to the easement. Defendants assert that since 1975, the Greenwood Lakes Acres Association and, thereafter, the ARA have maintained an open, notorious and hostile ownership interest in and of Alexander Road. They further assert that they, not plaintiff, have maintained the land within twenty-five feet of the pipeline.

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery ma-

---

Adam and Nicole Doran, Credence Development, Inc. and Richard Delisi.

**2.** Defendants filed a statement of facts with their motion for summary judgment but did not file a response to plaintiff's statement of

facts. The Court will construe as true all facts in plaintiff's statement that are not contradicted by other facts asserted by defendants in their statement.

terials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *Am. Int'l Group, Inc. v. London Am. Int'l Corp.,* 664 F.2d 348, 351 (2d Cir.1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. *Liberty Lobby,* 477 U.S. at 249, 106 S.Ct. 2505. The mere of existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. *See Dawson v. County of Westchester,* 373 F.3d 265, 272 (2d Cir.2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. *See Patterson v. County of Oneida,* 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. *See Security Ins. Co. of Hart-ford v. Old Dominion Freight Line Inc.,* 391 F.3d 77, 83 (2d Cir.2004).

■ Plaintiff relies on a declaration of Andrew G. Lake, an operations manager with plaintiff who contends that the fifty-foot easement is reasonable and necessary to allow equipment to access the roadway and install and operate the pipeline. Lake asserts that such breadth allows plaintiff to maintain the pipeline with appropriate concern for the safety of the work crews and those who live near the pipeline. In its response to defendants' motion for summary judgment, plaintiff asserts that the equipment used for pipeline work now is essentially the same as the equipment used in 1949. Therefore, plaintiff claims, the size of the easement must have the same basic dimensions now as then as the maintenance equipment is not significantly different.

Defendants contend that recognition of a fifty-foot wide easement would adversely affect the enjoyment of their respective properties. They also assert that plaintiff has not exercised the full breadth of its easement in the past and that plaintiff should be allowed not to claim such a wide easement.

■ When construing an easement, the Court must first examine the terms of the granting document. *See Chinoy v. Hitchcock,* 1983 U.S. Dist. LEXIS 13944, *10 (N.D.N.Y Sept. 9, 1983). Where the easement is silent as to the metes and bounds of the subservient tenement's rights, the Court must construe the parties' respective rights based on the original purpose of the easement. *See Town of Ulster v. Massa,* 144 A.D.2d 726, 728, 535 N.Y.S.2d 460 (3d Dep't 1988); *see also Casella v. Gallo,* 197 A.D. 825, 827–828, 189 N.Y.S. 531 (3d Dep't 1921) (reviewing original purpose of easement in determining whether dominant tenement encroach-

ment over subservient tenement's right). The determination in that case is what is "necessary for the purpose for which [the easement] was created." *Le Sawyer v. Squillace*, 14 A.D.2d 961, 962, 221 N.Y.S.2d 455 (3d Dep't 1961).

■ Plaintiff asserts that a width of fifty feet centered around the pipeline is necessary and reasonable to uphold the original purpose of the easement. Defendants do not dispute this. Rather, they focus on actual past practices. In New York, however, the intent of the parties, not the actual practices, controls the breadth of an easement. In *Casella*, for example, the court found that because an easement was created to explicitly allow horses and buggies to pass, changing technology did not mean that the easement had to protect the passage of larger motor vehicles. *See Casella*, 197 A.D. at 828, 189 N.Y.S. 531.

Defendants present no evidence to counter plaintiff's assertion that fifty feet is a necessary and reasonable width for the purpose of maintaining a pipeline as expressed in the easement. In addition, this width squares with what other courts have found in similar cases. *See, e.g., Columbia Gas Transmission Corp. v. Large*, 63 Ohio Misc.2d 63, 619 N.E.2d 1215 (1992); *Columbia Gas Transmission Corp. v. Tarbuck*, 845 F.Supp. 303 (W.D.Pa.1994) *aff'd*, 62 F.3d 538 (3d Cir.1995); *Columbia Gas Transmission Corp. v. Adams*, 68 Ohio Misc.2d 29, 646 N.E.2d 923 (1994); *Columbia Gas Transmission Corp. v. Savage*, 863 F.Supp. 198 (M.D.Pa.1994); *Columbia Gas Transmission Corp. v. Burke*, 768 F.Supp. 1167 (N.D.W.Va.1990).

■ Furthermore, to the extent that defendants argue that plaintiff has lost any right to the full breadth of the easement by not occupying it in its entirety, they have not offered any evidence of that. To show that an easement has been aban-

doned by disuse, defendants would have to produce clear and convincing evidence of both an intent to abandon and an overt act or failure to act in support of such an intention. *Pekarek v. Votaw*, 216 A.D.2d 829, 831, 628 N.Y.S.2d 859 (3d Dep't 1995); *see also* 49 N.Y. Jur. Easements and Licenses in Real Property § 170. There is no such evidence here.

Because there are no material facts here regarding the size of the easement upon which a reasonable jury could differ, summary judgment will be granted in favor of plaintiff as the Court finds that a fifty-foot easement is reasonable and necessary to the operation and maintenance of the gas pipeline.

■ Plaintiff's complaint claims that it is entitled to a larger easement when conducting certain repair work. Although defendants moved for summary judgment on this claim, plaintiff failed to respond. The Court will therefore deem such claim abandoned. *See Taylor v. City of New York*, 269 F.Supp.2d 68, 75 (E.D.N.Y.2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way").

Finally, the Court declines to award attorneys' fees as requested by defendants in their motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs motion for summary judgment (Doc. # 60). Plaintiff may enforce its rights under the easement for twenty-five feet on either side of the pipeline as to all defendants. Further, the Court DENIES defendants' motion for summary judgment (Doc. # 59) except insofar as defendants' motion opposes plaintiffs claims for an easement larger than

414

fifty feet. That portion of defendants' motion is mooted by plaintiffs apparent abandonment of claims to any easement larger than fifty feet. The Clerk is instructed to close this case.